KITCHENS, Justice,
concurring in part and dissenting in part:
¶ 31. I agree with the majority’s holding that, in light of our probation and parole statutes, Parker’s sentence was tantamount to mandatory life without parole. Compare Miss.Code Ann. § 97-3-21 (Rev. 2006) (only sentence for murder is “imprisonment for life”) with Miss.Code Ann. § 47-7-3(l)(h) (Rev.2011) (persons convicted of a violent crime are not eligible for parole). I also agree that, because Parker was fifteen years old when the crime was committed, the mandatory sentence violates the Eighth Amendment’s prohibition of “cruel and unusual punishment.” Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 2460, 183 L.Ed.2d 407 (2012); U.S. Const, amend. VIII. Respectfully, however, I disagree that compliance with Miller requires that this Court judicially modify two statutory provisions so that a juvenile convicted of murder will face the same sentencing options as a juvenile convicted of capital murder. Rather than remanding the case for additional sentencing proceedings with murky guidelines, I would adopt the State’s suggested remedy that we “simply hold that [Section 47 — 7—3(l)(h) ] may not be applied to those who committed murder at a time when they were under the age of eighteen years.” This approach is simple, preserves judicial resources, respects the legislative authority to prescribe the bounds of sentences, and does not encroach on the State Parole Board’s statutory authority over parole matters.
¶ 32. The majority constructs a new sentencing option for murder: “life imprisonment with eligibility for parole notwithstanding the present provisions of Mississippi Code Section 47 — 7—3(l)(h).” Maj. Op. 28-29. Despite the majority’s insistence that this “charts the same course” as the Wyoming Supreme Court in Bear Cloud v. Wyoming, 294 P.3d 36 (Wyo.2013), it does not. Bear Cloud held that the least intrusive approach under Miller was to leave the sentencing statute undisturbed and hold the statutes which barred parole for offenders serving life sentences “unconstitutional as applied to juvenile offenders.” Bear Cloud, 294 P.3d at 48. The reason that Bear Cloud’s case was remanded for resentencing was two-fold: (1) Bear Cloud was convicted of first-degree (capital) murder, for which life without parole is a permissible sentence; and (2) the trial court was required to determine the time period before a juvenile serving life would become parole eligible because Wyoming statutes provided no alternative. Id. at 47-48.
¶ 33. Importantly, Parker’s case is distinguishable on the same grounds that Bear Cloud’s case was remanded for re-sentencing. Unlike Wyoming, the general provisions of Mississippi’s parole statute provide a method for the determining parole eligibility when Section 47 — 7—3(l)(h) cannot constitutionally be applied in light of Miller. Miss.Code Ann. § 47-7-3(1) *1001 (Rev.2011) (a prisoner sentenced to life must serve ten years before he or she is eligible for parole).[22] Moreover, Parker’s murder conviction, unlike a conviction for capital murder, carries one possible sentence: life. Because the trial court already has imposed the only statutorily permissible sentence, no purpose would be served by remanding the case for resen-tencing.
¶ 34. The majority’s disposition is inconsistent with this Court’s recent decision in Fernando Martinez Parker v. State, 30 So.3d 1222 (Miss.2010). In that case, we reversed a trial court’s imposition of a sentence of life without parole for murder, finding that such sentence “exceeded the statutory maximum.” Id. at 1228. The State argued that the sentence was legally permissible because Section 47-7-3(l)(h) foreclosed eligibility for parole. Id. In rejecting this argument, we held that “Section 47-7-3 applies only to the internal operating procedures of the Department of Corrections and the prisons and does not affect a judge’s sentencing prerogative under the criminal statutes.” Id.
¶ 35. The Fernando Parker decision is in line with the Wyoming Supreme Court’s upholding of a sentencing statute but finding the state’s parole statutes unconstitutional as applied to juveniles. Bear Cloud, 294 P.3d at 46. Rather than our disturbing “the existing possible statutory sentence” for murder under Mississippi Code Section 97-3-21, finding the parole statute unconstitutional as applied to Parker “minimizes our intrusion into any legislative function,” while preserving distinct sentences for murder and capital murder. Id.[23]
¶ 36. The majority goes to great lengths to avoid the word unconstitutional, struggling to persuade the reader that its analysis is more restrained. Yet, calling it a “stopgap mechanism to annul application of Section 47 — 7—3(l)(h)” does not change the nature of the majority’s holding. If Mississippi’s statutory scheme “contravenes the dictates of Miller,” as the majority finds, then our statutory scheme is necessarily unconstitutional, for there can no other reason for this Court to tamper with legislative enactments. It would be less than judicious for an appellate court to announce a holding based on a presumption that legislative action is forthcoming. Maj. Op. 25 (“[Tjhis Court is compelled by necessity to put into place a stopgap measure ... until such time as the Legislature can convene and ameliorate our temporary but required solution.”).[24]
¶ 37. As a final matter, the majority opinion addresses the retroactive application of Miller, but that clearly is not an issue in the present case. Maj. Op. 20. *1002 This short paragraph would establish precedent for several post-conviction cases now pending before this Court where retroac-tivity is a genuine issue.
¶ 38. I would affirm Parker’s conviction but hold that, under Miller, the Eighth Amendment to the United States Constitution prohibits the application of Section 47-7-3(l)(h) to juveniles convicted of murder. Because the trial court already has imposed the only statutorily permissible sentence, there is no reason to disturb the sentence or remand for resentencing; thus, I respectfully concur in part and dissent in part.[25]
DICKINSON, P.J., CHANDLER AND KING, JJ., JOIN THIS OPINION.

. Parole eligibility is an entirely different animal than a "minimum mandatory sentence." Maj. Op. 27.

. Nothing in this opinion suggests that we should "strike down” Section 47 — 7—3(l)(h) as “per se unconstitutional.” Maj. Op. n. 14.

. In fact, the legislature has convened since the Miller decision, and, effective July 1, 2013, there will be three types of murder in Mississippi: first-degree murder, second-degree murder, and capital murder. Act effective July 1, 2013, Miss. Laws WL No. 269 (S.B.2377). Under these revisions, Parker’s crime would be designated as "first-degree murder.” The sentence for "first-degree murder” remains the same as the sentence for murder, but the place where the sentence is served is no longer limited to the State Penitentiary. Id. Notably, the parole statute was not amended, but there was an attempt to modify the subsection related to capital murder. H.B. 849, Miss. Leg.2013 Reg. Session. The bill appeared to recognize the Miller holding, and would have clarified that juveniles convicted of capital murder could be eligible for parole. Id. The bill passed the House of Representatives, but died in committee in the Senate.

. If, on remand, the trial court imposes "life imprisonment with eligibility for parole notwithstanding the present provisions of Mississippi Code Section 47-7-3(l)(h).” then "the trial court must also pronounce a specific period of time which must pass before the juvenile becomes parole eligible.” Bear Cloud, 294 P.3d at 48.